Citation Nr: 1518700 
Decision Date: 04/30/15 Archive Date: 05/05/15

DOCKET NO. 02-12 153 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Jackson, Mississippi


THE ISSUES

1. Entitlement to service connection for chronic pain syndrome. 

2. Entitlement to an initial compensable evaluation for left shoulder impingement with mild degenerative changes prior to August 14, 2013, and in excess of 10 percent on or after August 14, 2013. 

3. Entitlement to an initial evaluation in excess of 10 percent for trochanteric bursitis of the right hip. 

4. Entitlement to an initial compensable evaluation for residuals of a left elbow injury with scar. 

5. Entitlement to an effective date earlier than September 28, 2005, for the grant of service connection for left shoulder impingement with mild degenerative changes. 

6. Entitlement to an effective date earlier than July 30, 2008, for the grant of service connection for trochanteric bursitis of the right hip. 

7. Entitlement to an effective date earlier than July 16, 2008, for the grant of service connection for residuals of a left elbow injury with scar. 


WITNESS AT HEARING ON APPEAL

The Veteran 


ATTORNEY FOR THE BOARD

S. Nathanson, Associate Counsel 


INTRODUCTION

The Veteran served on active duty from December 1968 to April 1977 in the United States Army. He also served in the Mississippi Air National Guard and had active duty for training (ACDUTRA) from August 1985 to December 1985 and from March 1988 to July 1988. 

This case comes before the Board of Veterans' Appeals (Board) on appeal from September 2009 and August 2013 rating decisions by the Department of Veterans Affairs (VA) Regional Office (RO) in Jackson, Mississippi. 

A videoconference hearing was held before the undersigned Veterans Law Judge in February 2015. A transcript of the hearing is of record. 

This appeal was processed using the Veterans Benefits Management System (VBMS). The Virtual VA file contains additional VA treatment records that were reviewed by the RO prior to the issuance of the October 2014 supplemental statement of the case. 

In the decision below, the Board has dismissed the claim for service connection for chronic pain. The remaining issues are addressed in the REMAND portion of the decision below and are REMANDED to the Agency of Original Jurisdiction (AOJ).


FINDING OF FACT

During the February 2015 Board hearing, the Veteran indicated that he wanted to withdraw his appeal as to the issue of entitlement to service connection for chronic pain syndrome. 


CONCLUSION OF LAW

The criteria for withdrawal of the appeal for the issue of service connection for chronic pain syndrome have been met. 38 U.S.C.A. § 7105(b)(2), (d)(5) (West 2014); 38 C.F.R. § 20.204 (2014).


REASONS AND BASES FOR FINDING AND CONCLUSION

The Board may dismiss any appeal that fails to allege specific error of fact or law in the determination being appealed. 38 U.S.C.A. § 7105. A substantive appeal may be withdrawn on record at a hearing or in writing at any time before the Board promulgates a decision. 38 C.F.R. § 20.202. Withdrawal may be made by the appellant or by his or her authorized representative. 38 C.F.R. § 20.204.

During the February 2015 hearing, the Veteran withdrew the appeal as to the issue of entitlement to service connection for chronic pain syndrome. See Hearing Tr. at 36. As such, there remain no allegations of errors of fact or law for appellate consideration. Accordingly, the Board does not have jurisdiction to review the appeal on this issue, and it is dismissed.


ORDER

The appeal for the issue of entitlement to service connection for chronic pain syndrome is dismissed.


REMAND

The Veteran was most recently provided a VA examination in August 2013 in connection with his claims for an increased evaluation for his right hip, left elbow, and left shoulder disabilities. During the February 2015 hearing, the Veteran testified that he had filed a complaint against the examiner who conducted the examination. He stated that the examiner did not actually measure painful range of motion and that the examiner would force the limb when he attempted to perform range of motion testing. The Board also notes that the Veteran was provided with a VA examination in July 2013. Although the examinations were conducted within one month of each other, the examination reports do contain different findings. Therefore, the Board finds that additional examinations should be provided to ascertain the severity and manifestations of the Veteran's left shoulder impingement with mild degenerative changes, trochanteric bursitis of the right hip, and residuals of a left elbow injury with scar. 

In addition, the record shows that the Veteran is in receipt of treatment from the VA healthcare system. However, the file does not contain many VA medical records dated after May 2011. Thus, on remand, all outstanding, relevant VA records should be secured. The Veteran also testified that he was referred by VA to the Greater Meridian Pain Clinic. The file does not contain any of the treatment records from that clinic; therefore, those records should also be secured. 

Finally, in an August 2013 rating decision, the RO granted service connection for left shoulder impingement effective from September 28, 2005; service connection for trochanteric bursitis of the right hip effective from July 30, 2008; and service connection for residuals of a left elbow injury effective from July 16, 2008. In the March 2014 substantive appeal that he filed in connection with his increased rating claims, the Veteran also expressed disagreement with the effective dates that were assigned for the grants of service connection. The Board construes the Veteran's statement as a notice of disagreement as to the effective dates that were assigned for the grant of service connection for left shoulder impingement, trochanteric bursitis of the right hip, and residuals of a left elbow injury. A statement of the case has not been issued for such claims. Therefore, on remand, a statement of the case should be issued, and the Veteran should be afforded an opportunity to submit a substantive appeal. See Manlincon v. West, 12 Vet. App 238, 240-241 (1999).

Accordingly, the case is REMANDED for the following action:

1. The AOJ should issue a statement of the case addressing the issues of entitlement to an effective date earlier than September 28, 2005, for the grant of service connection for left shoulder impingement; entitlement to an effective date earlier than July 30, 2008, for the grant of service connection for trochanteric bursitis; and entitlement to an effective date earlier than July 16, 2008, for the grant of service connection for residuals of a left elbow injury. 

Thereafter, the Veteran should be given an opportunity to perfect an appeal by submitting a timely substantive appeal in response thereto. The AOJ should advise the Veteran that the claims file will not be returned to the Board for appellate consideration of these issues following the issuance of the statement of the case unless he perfects his appeal.

2. The AOJ should request that the Veteran provide the names and addresses of any and all health care providers who have provided treatment for his left shoulder, right hip, and left elbow injury with scar, to include the Greater Meridian Pain Clinic at Anderson's Hospital in Meridian, Mississippi. After acquiring this information and obtaining any necessary authorization, the AOJ should obtain and associate these records with the claims file.

The AOJ should also secure any outstanding, relevant VA medical records, to include VA treatment records dated since May 2011. 

3. After completing the foregoing development, the Veteran should be afforded a VA examination to ascertain the severity and manifestations of his service-connected left shoulder impingement with mild degenerative changes. Any and all studies, tests, and evaluations deemed necessary by the examiner should be performed. The examiner is requested to review all pertinent records associated with the claims file. 

The examiner should report all signs and symptoms necessary for rating the Veteran's disability. In particular, he or she should provide the range of motion of the arm in degrees and state whether there is any form of ankylosis. He or she should also indicate whether there is any impairment of the humerus and whether there is any impairment of the clavicle or scapula. 

The presence of objective evidence of pain, excess fatigability, incoordination, and weakness should also be noted, as should any additional disability due to these factors (including any additional loss of motion).

A clear rationale for all opinions would be helpful and a discussion of the facts and medical principles involved would be of considerable assistance to the Board. Because it is important "that each disability be viewed in relation to its history[,]" 38 C.F.R. § 4.1, copies of all pertinent records in the Veteran's claims file, or in the alternative, the claims file, must be made available for review.

4. The Veteran should be afforded a VA examination to ascertain the severity and manifestations of his service-connected trochanteric bursitis of the right hip. Any and all studies, tests, and evaluations deemed necessary by the examiner should be performed. The examiner is requested to review all pertinent records associated with the claims file. 

The examiner should report all signs and symptoms necessary for rating the Veteran's disability. In particular, he or she should provide the range of motion in degrees and state whether there is any form of ankylosis. He or she should also indicate whether there is limitation of rotation where the Veteran cannot toe-out more than 15 degrees, limitation of adduction where the Veteran cannot cross his legs, and whether there is limitation of abduction where motion was lost beyond 10 degrees. 

The examiner should further indicate whether there is malunion of the right femur with slight knee or hip disability, moderate knee or hip disability, or marked knee or hip disability; whether there is a fracture of the neck of the right femur with a false joint; and whether there is a nonunion from a fracture of the shaft or anatomical neck of the right femur with or without loose motion. He or she should also state whether there Veteran has a flail joint.


The presence of objective evidence of pain, excess fatigability, incoordination, and weakness should also be noted, as should any additional disability due to these factors (including any additional loss of motion).

A clear rationale for all opinions would be helpful and a discussion of the facts and medical principles involved would be of considerable assistance to the Board. Because it is important "that each disability be viewed in relation to its history[,]" 38 C.F.R. § 4.1, copies of all pertinent records in the Veteran's claims file, or in the alternative, the claims file, must be made available for review.

5. The Veteran should be afforded a VA examination to ascertain the severity and manifestations of his service-connected residuals of a left elbow injury. Any and all studies, tests, and evaluations deemed necessary by the examiner should be performed. The examiner is requested to review all pertinent records associated with the claims file. 

The examiner should report all signs and symptoms necessary for rating the Veteran's disability. In particular, he or she should provide the range of motion in degrees and indicate whether there is any ankylosis; impairment of the flail joint; nonunion of the radius and ulna with flail false joint; impairment of the ulna; impairment of the radius; and impairment of supination and pronation. 

The presence of objective evidence of pain, excess fatigability, incoordination, and weakness should also be noted, as should any additional disability due to these factors (including any additional loss of motion).

The examiner should determine if there are any resulting scars associated with the residuals of a left elbow injury and complete the appropriate disability benefits questionnaire (DBQ) for the evaluation of any such scars. 

The examiner should also determine if there are any resulting neurological manifestations associated with the residuals of the left elbow injury and complete the appropriate DBQ for the evaluation of any such neurological manifestations. 

A clear rationale for all opinions would be helpful and a discussion of the facts and medical principles involved would be of considerable assistance to the Board. Because it is important "that each disability be viewed in relation to its history[,]" 38 C.F.R. § 4.1, copies of all pertinent records in the Veteran's claims file, or in the alternative, the claims file, must be made available for review.

6. After completing these actions, the AOJ should conduct any other development as may be indicated by a response received as a consequence of the actions taken in the preceding paragraphs.

7. When the development requested has been completed, the case should be reviewed by the AOJ on the basis of the additional evidence. If the benefits sought are not granted, the Veteran and his representative should be furnished a supplemental statement of the case and be afforded a reasonable opportunity to respond before the record is returned to the Board for further review.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



______________________________________________
J.W. ZISSIMOS
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs